IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRAD W. DAVENPORT                                                                 PLAINTIFF

v.                                  Case No. 4:09-cv-900-DPM

NEW CENTURY MORTGAGE
CORPORATION,
BANK OF AMERICA, N.A., and
DEUTSCHE BANK;
JOINTLY AND SEVERALLY                                                      DEFENDANTS

ORDER

Plaintiff Brad Davenport sued New Century Mortgage Corporation, Bank of America, and Deutsche Bank over their handling of his two mortgage-related notes. He alleged multiple violations of the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA), fraud, breach of fiduciary duty, breach of contract, and forgery. Deutsche and Bank of America move to dismiss all of his claims.

In June 2006, Davenport gave a first and second mortgage on his home to New Century. American Residential Mortgage brokered the deal. Five months later, Deutsche Bank bought these two mortgages and the related

notes in a secondary market. Bank of America serviced the notes, including accepting payments for Deutsche. In October 2009—more than three years after executing the notes and mortgages—Davenport sued the two banks by amending his then-pending lawsuit against New Century. Davenport claimed that problems related to the final terms of his mortgages, improper disclosures, "bait and switch" tactics, and "kick-back" payments to American Residential gave him the right to rescind the mortgages and get damages.

New Century was served in state court before removal, but it did not consent to the removal. Davenport had thirty days from the notice of removal to move for remand or attack the removal. 28 U.S.C.A. § 1447(c) (West 2006). Davenport failed to do so. The lack of unanimity is a procedural defect, which can be waived. *Phillips v. Ford Motor Co.*, 83 F.3d 235, 236 n.3 & 237 n.5 (8th Cir.1996). Davenport waived this defect. The Court therefore has jurisdiction to decide the motion to dismiss.

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). The pleaded facts must "give the defendant fair notice of what the claim is and the grounds upon which it rests,

and allow the court to draw the reasonable inference that the plaintiff is entitled to relief." *Braden*, 588 F.3d at 595 (quotations omitted). A statute-of-limitations defense may be adjudicated on a motion to dismiss. *E.g., Owen v. General Motors Corp.*, 533 F.3d 913, 918–19 (8th Cir. 2008); *Brooks v. Ross*, 578 F.3d 574, 578–79 (7th Cir. 2009). With this standard in mind, the Court evaluates each count of complaint.

    **1.** In count one of his complaint, Davenport alleges TILA and RESPA violations related to improper disclosures at closing. He alleges (in count six) that he was never given early disclosures; and so the closing disclosures did not alert him that the interest rate had increased. 12 C.F.R. § 226.17(f). Bank of America and Deutsche move to dismiss these claims as time-barred. They also press that these claims deal only with New Century.

    Davenport's TILA claims were filed too late as a matter of law. These alleged violations must be asserted within one year from the "date of the occurrence of the violation." 15 U.S.C.A. § 1640(e) (West 2009). The complaint was filed more than three years after the closing.

    Davenport acknowledges the one-year period. But asserts that he falls within the statutory exception allowing assertion of a TILA violation as a

"defense by recoupment or set-off[ ]" in an action to collect the debt. The exception does not apply. *Ibid.* Recoupment and set-off are defenses, not causes of action like Davenport's. Neither Deutsche or Bank of America has sued him to collect the debt. *In re Randall*, 358 B.R. 145, 171–72 (Bankr. E.D. Pa. 2006); *Matter of Coxson*, 43 F.3d 189, 193–94 (5th Cir. 1995); *In Re Wentz*, 393 B.R. 545, 554–57 (Bankr. S.D. Ohio 2008).

The Court doubts whether Davenport has stated a TILA claim in count one anyway. The claim against Deutsche is not plausible as pleaded. If Davenport received only one disclosure for each mortgage, then 12 C.F.R. § 226.17(f) is not implicated. The regulation concerns changes to an early disclosure, not a case like this one with only one disclosure alleged.

Bank of America is further insulated from liability. A servicer of the obligation is not liable on an assigned mortgage unless the servicer "is or was the owner of the obligation." 15 U.S.C.A. § 1641(f)(1) (West 2009). Bank of America cannot be liable for any improper disclosures because Davenport has not alleged that Bank of America owned the notes.

The Court is uncertain if Bank of America or Deutsche can be liable under RESPA as an assignee or servicer. The authorities are mixed. *Compare*

-4-

*In re Murray*, 239 B.R. 728, 736 (Bankr. E.D. Pa. 1999), *with Carmen v. Metrocities Mortgage Corp.*, 2009 WL 1416038, at *6 (D.N.J. 18 May 2009) (unreported) (discussing conflicting authority).

But Davenport's RESPA claim is time-barred in any event. The parties dispute which provision of RESPA applies. If Davenport seeks relief under 12 U.S.C.A. § 2604 (West 2001), there is no private right of action. In his response to the motions to dismiss, Davenport cites 12 U.S.C.A. § 2605 (West 2001), which has a three-year statute of limitation. 12 U.S.C.A. § 2614 (West 2001). Under any of the statutory limitation periods, his RESPA claim is untimely. The events alleged in count one all occurred on or before the June 2006 closing.

The Court dismisses count one of Davenport's complaint with prejudice.

2. In his second count, Davenport claims he was not given material disclosures, including the finance charge or amount financed. The "Defendant" — either New Century, Deutsche, or Bank of America — supposedly admitted that it had understated his prepaid finance charges

because it attempted to refund an "underwriting fee." Davenport seeks damages and recission.

On damages, this TILA claim is also time-barred: it relates to an alleged violation occurring on or before closing. 15 U.S.C.A. § 1640(e) (West 2009).

On recission, the parties first dispute whether residential mortgages may be rescinded under TILA. Bank of America and Deutsche have the better of this dispute because 15 U.S.C.A. § 1635(e)(1) (West 2009) and 12 C.F.R. § 226.23(f)(1) remove most residential mortgages from TILA rescission. A residential mortgage is "retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C.A. § 1602(w) (West 2009). Davenport fails to allege that his mortgages were not acquisition- or construction-related.

Even assuming that Davenport's mortgages are susceptible to rescission, this right expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C.A. § 1635(f) (West 2009). This expiration "permits no federal right to rescind, defensively or otherwise, after the 3-year period." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 419 (1998). Davenport attached a "notice of

rescission" dated 9 June 2009 to his complaint. He pleads that he served it on Deutsche and Bank of America on 11 June 2009. This notice was a few days beyond the three-year period: Davenport executed the mortgages, and this deal was consummated, on 7 June 2006. The attachment is part of the complaint, FED. R. CIV. P. 10(c); and with it, Davenport has pleaded himself out of court on recission.

The Court dismisses count two of Davenport's complaint with prejudice.

3. For his third count, Davenport again asserts that the "Defendant" — New Century, Deutsche, or Bank of America — violated TILA by failing to respond properly to a qualified written request. After this kind of request, the servicer must provide the "name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." 15 U.S.C. § 1641(f)(2). The fulcrum of this count is whether Bank of America or Deutsche is a "servicer" under § 1641. A servicer accepts payments for the loan in accordance with the mortgage agreement. 12 U.S.C.A. § 2605(i)(2)–(3) (West 2001).

Davenport only requested information about one of his two notes. He says he has been paying Bank of America. Although Bank of America argues that Davenport sent his request to an improper entity, it responded to his request for information. Bank of America mailed Davenport a letter with the name, address, and telephone number of the owner of the note. Davenport attached this letter to his complaint. And the letter—which the Court must take as true because it is part of the complaint—satisfied Bank of America's servicer-obligation under § 1641(f)(2).

Davenport pleads that Deutsche owns the loan, not that Deutsche is a servicer. And he has never alleged that Deutsche or New Century might be the servicer. *Woods v. Greenpoint Mortgage Funding, Inc.*, 2010 WL 1729711, at *6 (E.D. Cal 28 April 2010).

The Court therefore dismisses count three of the complaint with prejudice.

4.      Davenport again asserts a right to rescind under TILA in count four. The Court dismisses count four with prejudice for the reasons previously stated.

5.  In count five, Davenport claims a RESPA violation for a $3,568.00 "illegal kickback" to his mortgage broker. This claim is also time-barred; RESPA allows one year from the violation to file an illegal kickback claim. 12 U.S.C.A. § 2614 (West 2001). This alleged violation occurred before the mortgages were executed, more than three years before Davenport sued Bank of America and Deutsche. The Court therefore dismisses count five with prejudice.

6.  Davenport's sixth count asserts fraud, based on the lack of TILA disclosures before closing. Davenport says that he was "completely blinded to the fact that he got an Adjustable Rate Note." The Court applies Arkansas statute-of-limitations law to Davenport's state-law claims. *Great Plains Trust Co. v. Union Pacific Railroad Co.*, 492 F.3d 986, 995 (8th Cir. 2007). In Arkansas, once it is obvious from the face of the complaint that a cause of action is time-barred, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was tolled. *Reed v. Guard*, 374 Ark. 1, 3, 285 S.W.3d 662, 664 (2008). A fraud claim must be filed within three years after the "cause of action accrues." ARK. CODE ANN. § 16-56-105 (2005); *Alexander v. Flake*, 322 Ark. 239, 241–46, 910 S.W.2d 190, 191 (1995).

Davenport's complaint was filed three years beyond any fraud at closing.

Davenport neither pleaded fraudulent concealment with particularity, FED. R. CIV. P. 9(b), nor raised this defense in responding to Deutsche and Bank of America's motion arguing the time-bar. The Court, moreover, cannot discern a plausible claim in Davenport's complaint for both fraud *and* concealment of that fraud—which Arkansas law requires to toll the limitations period. *Delanno, Inc. v. Peace*, 366 Ark. 542, 546, 237 S.W.3d 81, 85 (2006).

The Court therefore dismisses count six of the complaint with prejudice.

7.  A three-year statute of limitations also applies to the breach of fiduciary duty alleged in Davenport's count seven. *Alexander*, 322 Ark. at 241, 910 S.W.2d at 191. Davenport claims the breach occurred when Deutsche and Bank of America "bought Plaintiff's loan application from New Century." This alleged breach thus occurred on 6 November 2006; and Davenport sued Deutsche and Bank of America two-months before the limitations period ran.

To assert a breach of fiduciary duty, Arkansas law requires a relationship between the bank and borrower that is more than debtor to creditor. *Milam v. Bank of Cabot*, 327 Ark. 256, 265, 937 S.W.2d 653, 658 (1997).

At this early stage of the litigation, the Court must draw all reasonable inferences in Davenport's favor. *Braden*, 588 F.3d at 595. But reading the complaint as a whole, Davenport has failed to plead a plausible claim for breach of fiduciary duty. He has pleaded no facts tending to show that Bank of America or Deutsche accepted or undertook any fiduciary obligations as to him.

The Court therefore dismisses count seven with prejudice.

8. In count eight, Davenport claims that Deutsche and Bank of America violated the mortgages by selling or placing his mortgages into a "mortgage loan pool." Davenport says he does not know the identity of the holder of his note, so he "does not know who owns his obligation and, therefore do[es] not know who to make payments to, or even if payments are required."

These breach-of-contract allegations are implausible. Davenport's mortgages specifically allow for transfers or assignments. ARK. CODE ANN. § 4-58-105(a) (2001). He has failed to allege how any transfer can be a breach when the parties' contract allows transfer. Davenport's lack of knowledge about the true owner of his notes does not put Deutsche or Bank of America

in breach. The letter from Bank of America, moreover, told Davenport who owned one of the notes. His allegation that "[t]he defendants are making a fortune off of plaintiff's loan and other similar loans" does not state plausible grounds either. Finally, the law protects Davenport even if he is paying the wrong creditor. ARK. CODE ANN. § 4-58-105(b)(2) (2001); RESTATEMENT (THIRD) OF PROP.: MORTGAGES § 5.5 (1997).

The Court therefore dismisses count eight without prejudice.

9. In count nine, Davenport alleges forgery; he says that he did not sign the good-faith estimate or signature authorization. Davenport says, in responding to the motions to dismiss, that these alleged forgeries support rescission of the mortgages. Davenport does not respond to the banks' limitations argument on this claim.

Forgery is a crime, not a civil cause of action. Of course forgery can be fraud too. *Hedlund v. Hendrix*, 39 Ark. App. 58, 60–61, 837 S.W.2d 488, 489 (1992). A three-year statute applies to fraud, as noted above. Other Arkansas statutes of limitation do not apply to an allegedly forged good-faith estimate or signature authorization. *Schwarz v. Colonial Mortgage Co.*, 326 Ark. 455, 459–60, 931 S.W.2d 763, 765–66 (1996) (discussing cancellation of contracts,

negotiable instruments, and deeds). And these two documents are dated before the mortgages were executed. Davenport's forgery-based fraud claim therefore fails as a matter of law because it is untimely too.

The Court therefore dismisses count nine with prejudice.

\* \* \*

Deutsche and Bank of America's motion to dismiss, *Document No. 6*, is granted. Davenport's complaint is dismissed with prejudice as to both of these parties. Deutsche and Bank of America's motion for a new scheduling order, *Document No. 25*, is denied as moot.

This may not, however, be the end of the case. Davenport sued and served New Century before Deutsche and Bank of America removed the case here. The amended complaint says New Century has filed a Chapter 7 bankruptcy.[*] The PACER system indicates that in April of 2007 New Century did file a Chapter 11 bankruptcy in the Bankruptcy Court for the District of Delaware. That case is open and filings continue. To address Davenport's claims against New Century, the Court needs Davenport to investigate the

---

[*] The Court thanks Bank of America and Deutsche for providing the Court some information about the bankruptcy.

status of New Century's bankruptcy. Davenport must advise the Court within 14 days about the pre-suit bankruptcy, its effect on his claims against New Century, and what action Davenport proposes that the Court take.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_17 September 2010_